FILED
10/13/21 3:56 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | Case No. 21-20124-GLT |
| | Chapter 7 |
| **SANDHILL CRANE PARTNERS, LLC,** | |
| *Debtor.* | |
| | Adv. Pro. No. 21-2064-GLT |
| **MARYANN MANOR, INC,** | |
| *Plaintiff,* | Related to Dkt. Nos. 4, 20, 22, 25 |
| v. | |
| **SANDHILL CRANE PARTNERS, LLC, SANDHILL CRANE PROPERTIES, LLC, ROBERT J. YELENOVSKY, JANINE M. YELENOVSKY, and THE LYNCH LAW GROUP, LLC,** | |
| *Defendants.* | |
| In re: | Case No. 21-20126-GLT |
| | Chapter 7 |
| **SANDHILL CRANE PROPERTIES, LLC,** | |
| *Debtor.* | |
| | Adv. Pro. No. 21-2065-GLT |
| **MARYANN MANOR, INC,** | |
| *Plaintiff,* | Related to Dkt. Nos. 4, 20, 22, 25 |
| v. | |
| **SANDHILL CRANE PARTNERS, LLC, SANDHILL CRANE PROPERTIES, LLC, ROBERT J. YELENOVSKY, JANINE M. YELENOVSKY, and THE LYNCH LAW GROUP, LLC,** | |
| *Defendants.* | |

Peter St. Tienne Wolff, Esq.  
Pietragallo Gordon Alfano Bosick & Raspanti, LLP  
Pittsburgh, PA  
*Attorney for the Plaintiff*

Michael C. Mazack, Esq.  
The Lynch Law Group, LLC  
Cranberry Township, PA  
*Attorney for the Defendants*

**MEMORANDUM OPINION**

Historically, when an establishment is ready to close, patrons are sometimes told: "you don't have to go home but you can't stay here." Now that Robert Shearer, chapter 7 trustee of the estates of Sandhill Crane Properties, LLC and Sandhill Crane Partners, LLC (collectively, the "Debtors"), has filed no-asset reports in each case indicating there will be no distribution to creditors, their administration is complete. Case closure would be imminent but for the pendency of the two identical adversary proceedings commenced by Maryann Manor, Inc. against the Debtors, their principals (Robert J. and Janine M. Yelenovsky), and The Lynch Law Group, LLC as an escrow agent that broadly seek declaratory judgments that Sandhill Crane Properties, LLC is in default under a promissory note and that its corporate veil should be pierced to permit collection against the other defendants.[1] They, in turn, have moved to dismiss the adversary proceedings pursuant to Fed. R. Civ. Pro. 12(b)(6).[2] But given the lack of any conceivable impact on the bankruptcy estates, the Court finds that the Debtor's cases should be allowed to close and the parties' dispute resolved in another forum.

I.    DISCUSSION

A bankruptcy court may abstain from exercising jurisdiction over a proceeding related to a case under title 11 "in the interest of justice, or in the interest of comity with State courts or respect for State law."[3] While a federal court generally should exercise jurisdiction if properly conferred, it nonetheless enjoys "considerable latitude in deciding whether to abstain."[4]

---

[1]    See *Amended Complaint*, Dkt. No. 4 (both adversary proceedings).

[2]    See *Defendants' Motion to Dismiss Plaintiff's Complaint and Motion for a More Specific Pleading*, Dkt. No. 22 (both adversary proceedings). Fed. R. Civ. Pro. 12(b)(6) is made applicable to adversary proceedings by Fed. R. Bankr. P. 7012.

[3]    28 U.S.C. § 1334(c)(1).

[4]    Geruschat v. Ernst & Young, LLP (In re Earned Cap. Corp.), 331 B.R. 208, 220 (Bankr. W.D. Pa. 2005), aff'd sub nom. Geruschat v. Ernst & Young LLP, 346 B.R. 123 (W.D. Pa. 2006), aff'd sub nom. In re Seven Fields Dev. Corp., 505 F.3d 237 (3d Cir. 2007).

To determine whether permissive abstention is appropriate, courts traditionally have considered the following factors:

> (1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable state law, (4) the presence of a related proceeding commenced in state court or other non-bankruptcy court, (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than form of an asserted "core" proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden of [the court's] docket, (10) the likelihood that the commencement of the proceeding in a bankruptcy court involved forum shopping by one of the parties, (11) the existence of a right to a jury trial, and (12) the presence in a proceeding of non-debtor parties.[5]

The relevance and importance of these factors depend on the unique circumstances of each case.[6]

Here, all relevant factors weigh heavily in favor of abstention. The Debtors' estates have been fully administered and the outcome of these adversary proceedings will have absolutely no impact on the bankruptcies whatsoever. And even if Maryann Manor obtained the declaratory judgments it seeks against the Debtors, they apparently lack any assets with which to pay the claim. From this perspective, the adversary proceedings appear remote, unnecessarily burdensome to this Court, and ultimately futile with respect to the Debtors.

As a practical matter, however, it is clear that the true targets of these proceedings are the Yelenovskys and the available escrow. Indeed, the Debtors seem to be mere nominal defendants needed to facilitate Maryann Manor's attempt to pierce the corporate veil and assert

---

[5] Republic Reader's Serv., Inc. v. Magazine Serv. Bureau, Inc. (In re Republic Reader's Serv.), Inc., 81 B.R. 422, 429 (Bankr. S.D. Tex. 1987); see Bricker v. Martin, 348 B.R. 28, 34 (W.D. Pa. 2006), aff'd, 265 F. App'x 141 (3d Cir. 2008); Castle Cheese, Inc. v. FirstMerit Bank, N.A. (In re Castle Cheese, Inc.), 541 B.R. 586, 592 (Bankr. W.D. Pa. 2015); Winnecour v. Taylor (In re Taylor), 444 B.R. 534, 537 (Bankr. W.D. Pa. 2011); In re Earned Cap. Corp., 331 B.R. at 220.

[6] See In re Castle Cheese, Inc., 541 B.R. at 592.

3

state law breach of contract claims against non-debtor parties. These are a non-core proceedings "related to" cases arising under title 11 of the United States Code, putting them at the outer edge of the Court's jurisdiction. Because the Defendants have not yet consented to this Court entering final judgments,[7] the Court presently lacks the constitutional authority to grant Maryann Manor relief and would need to transmit proposed findings to the United States District Court for a final review.[8] Thus, continuing these proceedings here would be neither efficient nor expeditious.

In contrast, a state court has the appropriate jurisdiction, authority, and expertise to enter a final ruling on these matters. Although the automatic stay was ostensibly an impediment to that occurring earlier, the stay will terminate upon the closing of each case[9] and limited relief can be granted in the interim to prevent further delay.

## II.    CONCLUSION

In light of the foregoing, the Court will abstain from hearing this dispute and, to the extent necessary, grant limited stay relief to permit the prosecution of this matter elsewhere. This opinion constitutes the Court's findings of fact and conclusions of law in accordance with Fed. R. Bankr. P. 7052. The Court will issue a separate order consistent with this opinion.

ENTERED at Pittsburgh, Pennsylvania.

Dated: October 13, 2021

GREGORY L. TADDONIO
UNITED STATES BANKRUPTCY JUDGE

Case administrator to mail to:
Attorney Wolff
Attorney Mazack

---

[7]    28 U.S.C. § 157(c)(2).

[8]    28 U.S.C. § 157(c)(1).

[9]    See 11 U.S.C. § 362(c)(2)(A).